IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

FRANK HUNT,
    Plaintiff,

        v.                                     Civil No. 3:25cv41 (DJN)

RICHMOND POLICE DEPARTMENT, *et al.*,
    Defendants.

## MEMORANDUM ORDER

Plaintiff Frank Hunt ("Plaintiff"), proceeding *pro se*, brings this action alleging violations of his constitutional rights under 42 U.S.C. § 1983 and violations of the Virginia Freedom of Information Act, Va. Code §§ 2.2-3700–3715 ("VFOIA"), by remaining defendants Commonwealth of Virginia ("Virginia"), the City of Richmond ("Richmond"), Richmond Police Department ("RPD") and Judge Bradley Cavedo ("Judge Cavedo"). This matter comes before the Court on Motions to Dismiss for Failure to State a Claim by all four remaining defendants (ECF Nos. 18, 23, 29 ("12(b)(6) Motions")) and Motions to Dismiss for Lack of Subject Matter Jurisdiction by Defendants Virginia and Judge Cavedo (ECF Nos. 22, 28 ("12(b)(1) Motions")). For the reasons set forth below, the Court GRANTS Defendants Virginia and Judge Cavedo's 12(b)(1) Motions (ECF Nos. 22, 28), GRANTS Defendant Richmond's 12(b)(6) Motion (ECF No. 18) as to itself and Defendant RPD, and DENIES AS MOOT Defendants Virginia and Judge Cavedo's 12(b)(6) Motions (ECF No. 23, 29). As a result, the Court DISMISSES WITH PREJUDICE Counts I and II of Plaintiff's Amended Complaint (ECF No. 4) and DISMISSES WITHOUT PREJUDICE Counts III and IV.

## I.    BACKGROUND

### A.    Factual Background

At this stage of the proceedings, the Court must accept as true the facts set forth in Plaintiff's Amended Complaint (ECF No. 4), although the Court need not accept legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court thus accepts the following facts as alleged for resolving the instant motions.

On June 26, 2020, Plaintiff peacefully protested at the Lee Monument in Richmond. (ECF No. 4 ("Amended Complaint" or "Am. Compl.") ¶ 15.) RPD's use-of-force policy in effect at the time prohibited the use of rubber bullets against non-violent protesters. (*Id.* ¶ 19.) During the protest, RPD Chief William Blackwell authorized the use of force against the protesters. (*Id.* ¶ 11.) An unknown officer shot a rubber bullet that hit Plaintiff in the face, resulting in severe physical and psychological injuries including an ocular fracture, severe corneal abrasion and Complex PTSD. (*Id.* ¶¶ 3, 12, 17.) Plaintiff ultimately received medical treatment at St. Mary's Hospital. (*Id.* ¶ 18.)

At an unspecified point before Plaintiff initiated the instant action, "Judge B. Bradley Cavedo presided over a criminal case against Plaintiff." (*Id.* ¶ 24.) Plaintiff alleges that Judge Cavedo has a history of racial bias, including opposition to the removal of Confederate statues. (*Id.* ¶ 25.) Judge Cavedo did not recuse himself in the criminal case involving Plaintiff. (*Id.* ¶ 26.)

Finally, in 2024, Plaintiff filed a VFOIA request with RPD seeking records concerning the incident in question. (*Id.* ¶ 22.) After requesting a seven-day extension, RPD failed to further respond to Plaintiff's VFOIA request. (*Id.* ¶ 23.)

### B.    Procedural History

On January 21, 2025, Plaintiff, proceeding *pro se*, filed a complaint in this Court and motioned to proceed *in forma pauperis*. (ECF No. 1.)  The Court denied Plaintiff's motion without prejudice and directed Plaintiff to file an amended particularized complaint.  (ECF No. 2.)  On February 18, 2025, Plaintiff renewed his motion to proceed *in forma pauperis* (ECF No. 3) and filed his Amended Complaint (ECF No. 4).  There, Plaintiff brings three counts under 42 U.S.C. § 1983:  an excessive force claim against Officer John Doe and the RPD (Count I); a claim for failure to train and supervise against Chief Blackwell and Richmond (Count II); and a due process claim against Judge Cavedo (Count III).  (*Id.* ¶¶ 27–31.)  In addition, Plaintiff brings one count against RPD and Richmond for violating the VFOIA (Count IV).  (*Id.* ¶ 32.)  Plaintiff also names Virginia as a defendant, alleging that Virginia is "[l]iable for the actions of its employees and agencies," though he fails to specify under what counts he seeks to hold it liable. (*Id.* ¶ 9.)  Plaintiff requests a declaratory judgment that Defendants violated his constitutional rights, as well as compensatory damages of two million dollars for "pain, suffering, and emotional distress," punitive damages against Officer John Doe for reckless disregard of Plaintiff's rights, an injunction against RPD that orders changes to its use-of-force policy, and attorney's fees and court costs under 42 U.S.C. § 1988.  (*Id.* at 6.)

Shortly after filing his Amended Complaint, and before serving Defendants, Plaintiff filed motions for a protective order (ECF No. 7), a preliminary injunction (ECF No. 8) and discovery (ECF No. 9), which the Court denied without prejudice as prematurely filed.  (ECF No. 10.)  Plaintiff failed to timely complete service of process against Officer John Doe and Chief Blackwell, whom the Court consequently dismissed from this action.  (ECF No. 37.)

3

Remaining Defendants filed the instant motions to dismiss Plaintiff's Amended Complaint. Defendant Richmond, on behalf of the City of Richmond and RPD, filed a Motion to Dismiss for Failure to State a Claim on April 3, 2025. (ECF No. 18.) Defendant Virginia filed both a Motion to Dismiss for Lack of Jurisdiction (ECF No. 22) and a Motion to Dismiss for Failure to State a Claim (ECF No. 23) on April 8, 2025. Judge Cavedo similarly filed a Motion to Dismiss for Lack of Jurisdiction (ECF No. 28) and a Motion to Dismiss for Failure to State a Claim (ECF No. 29) on April 22, 2025. Defendants included the appropriate Roseboro Notices with their filings. (ECF Nos. 20, 26, 33.) Plaintiff failed to respond to Defendants' motions to dismiss, and the time to do so has elapsed, rendering these motions ripe for judgment.

## II.    STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), which challenges the Court's jurisdiction over the subject matter of the complaint, may take one of two forms. In a facial challenge, the movant asserts that the complainant has failed "to allege facts on which subject matter jurisdiction can be based." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). When assessing such a challenge, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural safeguards as he would receive under a Rule 12(b)(6) consideration." *Id.* In a factual challenge, on the other hand, "the defendant challenges the veracity of the facts underpinning subject matter jurisdiction", and the Court "may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts." *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009). The plaintiff bears the burden of proving subject matter jurisdiction in either instance. *Adams*, 697 F.3d at 1219. The 12(b)(1) motions here contest only legal conclusions, not the facts asserted by

Plaintiff. The Court therefore grants Plaintiff's pleadings the same procedural protections of a 12(b)(6) motion in its analysis.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; it does not serve as the means by which a court will resolve contests surrounding the facts, determine the merits of a claim or address potential defenses. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). On a 12(b)(6) motion to dismiss, the Court accepts the Plaintiff's well-pleaded factual allegations, although the Court need not accept legal conclusions proffered as facts. *Ashcroft v. Iqbal*, 556, U.S. 662, 678 (2009). The Court interprets the complaint in the light most favorable to plaintiff, *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009), drawing all reasonable inferences in his favor. *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020).

Under the Federal Rules of Civil Procedure, a complaint or counterclaim must state facts sufficient to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint or counterclaim must state "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action," though the law does not require "detailed factual allegations." *Id.* (citations omitted). Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," rendering the right "plausible on its face" rather than merely "conceivable." *Id.* at 555, 570. Thus, a complaint or counterclaim must assert facts that are more than "merely consistent with" the other party's liability. *Id.* at 557. The facts alleged must also be sufficient to "state all the elements of [any] claim[s]." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing

5

*Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002) and *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Motions to dismiss under Rule 12(b)(6) generally do not reach the merits of any affirmative defenses. *Goodman v. Praxair*, 494 F.3d 458, 464 (4th Cir. 2007). In the relatively rare case where all facts necessary to rule on an affirmative defense are present in the complaint, however, courts may consider an affirmative defense when evaluating a 12(b)(6) motion. *Id.*

Courts must "liberally construe[]" *pro se* filings, which should "be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.    ANALYSIS

Because jurisdictional issues call into question whether the Court even possesses the authority to consider the merits of Plaintiff's claims, the Court considers Defendants Virginia and Judge Cavedo's 12(b)(1) motions first. *Montgomery v. Va. Dep't of Soc. Servs.*, 2020 WL 5750897, *3 (E.D. Va. 2020) (citations omitted). Finding them meritorious, the Court then turns to Defendant Richmond's 12(b)(6) motion.

### A.    Virginia's 12(b)(1) Motion

Plaintiff's Amended Complaint does not name Defendant Virginia under any Count. Rather, Plaintiff's singular assertion of Virginia's liability comes in the "Defendants" section of the Amended Complaint, which lists as the first defendant "Commonwealth of Virginia — Liable for the actions of its employees and agencies." (Am. Compl. ¶ 9.) Virginia disagrees on jurisdictional grounds, arguing that (1) Section 1983 claims cannot be brought against a state; (2)

6

Eleventh Amendment immunity bars claims against it; and (3) Virginia state courts have exclusive jurisdiction over VFOIA claims. (ECF No. 24 at 3–6). As a result, Virginia argues, the Court lacks subject matter jurisdiction and should dismiss it from this suit.

The Court need go no further than recognize that, under longstanding Supreme Court precedent, states do not constitute "persons" for purposes of Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). The subject matter jurisdiction granted to federal courts under § 1983 thus does not extend to suits against states. *See id.* at 66 ("Section 1983 . . . does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."). In the absence of any basis to maintain supplemental jurisdiction over Plaintiff's state law claim with respect to Virginia, as further addressed below, the Court GRANTS Virginia's 12(b)(1) motion and DISMISSES Defendant Virginia from this action for these reasons.

### B.    Judge Cavedo's 12(b)(1) Motion

Plaintiff's Count III alleges that Judge Cavedo's failure to recuse himself in state court proceedings involving Plaintiff, despite his alleged history of racially biased rulings, violated Plaintiff's Due Process rights under *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009). (Am. Compl. ¶¶ 25, 31.) The Court construes the relief that Plaintiff seeks from Judge Cavedo to include both money damages and declaratory relief. (*Id.* at 6.)

Judge Cavedo, in response, argues that he stands entitled to both Eleventh Amendment immunity (as a state official sued in his official capacity) and absolute judicial immunity, and, in the alternative, that the *Rooker-Feldman* doctrine applies. (ECF No. 30 at 4–7). The Court need

7

only address the former argument, since it mandates dismissal on subject matter jurisdiction grounds irrespective of Judge Cavedo's other arguments.

Eleventh Amendment immunity generally bars suits against unconsenting states brought in federal court and extends to state agents and instrumentalities. *Lee-Thomas v. Prince George's Cnty. Pub. Schs.*, 666 F.3d 244, 248–49 (4th Cir. 2012). The Supreme Court has directed that "the action of state courts and judicial officers in their official capacities is to be regarded as action of the State." *Shelley v. Kramer*, 334 U.S. 1, 14 (1948). More recently, in *Whole Woman's Health v. Jackson*, the Supreme Court squarely addressed whether sovereign immunity applied to state court judges and clerks. 595 U.S. 30 (2021). It answered in the affirmative. *Id.* at 39 (holding that Eleventh Amendment immunity applies to state court judges and that the *Ex parte Young* exception "does not normally permit federal courts to issue injunctions against state-court judges or clerks").

Under Fourth Circuit precedent, three exceptions to Eleventh Amendment immunity exist. "First, 'Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority.'" *Lee-Thomas*, 666 F.3d at 249 (quoting *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001)). The second exception "permits suits for prospective injunctive relief against state officials acting in violation of federal law," commonly known as the *Ex parte Young* exception. *Id.* (quoting *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004)). Finally, states may waive Eleventh Amendment immunity. *Id.*

Here, none of the exceptions applies. The Supreme Court has decided that Section 1983 did not abrogate sovereign immunity. *Quern v. Jordan*, 440 U.S. 332, 342 (1979). The Court finds no evidence that Virginia has waived its Eleventh Amendment immunity here. And

8

Plaintiff does not request prospective relief, only retrospective declaratory relief that his rights *were* violated. (Am. Compl. at 6.) Because Eleventh Amendment immunity applies, the declaratory relief claim against Judge Cavedo must be dismissed. The Court thus GRANTS Judge Cavedo's 12(b)(1) motion and DISMISSES Defendant Judge Cavedo from this action.

### C.    Richmond's 12(b)(6) Motion

The Court addresses Plaintiff's claims against remaining Defendants Richmond and RPD, who move to dismiss these claims under Rule 12(b)(6) for failure to state a claim. Plaintiff brings Section 1983 claims for excessive force against RPD (Count I) and for failure to train and supervise against Richmond (Count II). In addition, Plaintiff brings a claim against both Defendants for alleged violations of VFOIA (Count IV). For the reasons set forth below, the Statute of Limitations bars Counts I and II, mandating dismissal of these claims. The Court declines to exercise jurisdiction over the remaining state law claim, warranting dismissal of this action in its entirety.

This case represents the "rare circumstance[] where facts sufficient to rule on an affirmative defense are alleged in the complaint," allowing a 12(b)(6) motion to reach a statute of limitation defense. *Goodman*, 494 F.3d at 464. In Section 1983 claims, federal courts look to the state-law statute of limitations for personal injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Virginia, the statute of limitations for personal injury claims is two years. Va. Code § 8.01-243(A); *Reid v. James Madison Univ.*, 90 F.4th 311, 318 (4th Cir. 2024). The Fourth Circuit applies federal law's "standard rule" of accrual for Section 1983 claims: "a plaintiff's claim accrues when she has a complete and present cause of action." *Reid*, 90 F.4th at 319. (internal quotations omitted). In other words, the "claim accrues when the plaintiff knows or has

9

reason to know of the injury which is the basis of the action." *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011) (internal quotation omitted).

Counts I and II against RPD and Richmond stem from events on June 26, 2020, when a rubber bullet struck Plaintiff's face. (Am. Compl. ¶¶ 15–18.) In response to the COVID pandemic, the Virginia Supreme Court issued a set of orders tolling the statute of limitations from March 16, 2020 to July 19, 2020. *See English v. Quinn*, 880 S.E.2d 35, 36–37 (Va. Ct. App. 2022) (discussing Virginia Supreme Court's emergency orders). While Plaintiff's claim accrued when he knew of his injury, that is, June 26, 2020, the statute of limitations did not begin to run until July 20, 2020. Plaintiff thus had until July 20, 2022, to file his claim. He did not do so until January 21, 2025. The statute of limitations therefore bars Plaintiff's claims against Defendants Richmond and RPD that arise from the events of June 26, 2020, mandating dismissal of Counts I and II under Rule 12(b)(6).

As to Plaintiff's remaining state law claim (Count IV), the Court declines to exercise supplemental jurisdiction over this claim. District Courts possess "wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). "That said, generally, when a district court dismisses all federal claims in the early states of litigation . . . it should decline to exercise jurisdiction over any remaining pendent state law claims by dismissing those claims without prejudice." *Henderson v. Harmon*, 102 F.4th 242, 251 (4th Cir. 2024) (internal quotation omitted). The Court follows the Fourth Circuit's directive here and declines to exercise supplemental jurisdiction over Plaintiff's VFOIA claim accordingly.

10

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants Virginia and Judge Cavedo's

12(b)(1) motions (ECF Nos. 22, 28), DENIES AS MOOT their 12(b)(6) motions (ECF Nos. 23,

29), and GRANTS Defendant Richmond's 12(b)(6) motion as to itself and Defendant RPD (ECF

No. 18).  The Court DISMISSES Counts I and II WITH PREJUDICE and DISMISSES Counts

III and IV WITHOUT PREJUDICE.

This case is now CLOSED.

Let the Clerk file a copy of this Order electronically and notify *pro se* Plaintiff and all

counsel of record.

It is so ORDERED.

_____/s/_____

David J. Novak
United States District Judge

Alexandria, Virginia
Date:  October 6, 2025